IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 9:21-cr-00504-BHH |
| | ) | |
| v. | ) | |
| | ) | |
| TYRONE EVAN LEWIS GRAYSON, | ) | |
| a/k/a "Van" | ) | |

**PRELIMINARY ORDER OF FORFEITURE
AS TO TYRONE EVAN LEWIS GRAYSON**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Tyrone Evan Lewis Grayson, ("Grayson", "Defendant"), based upon the following:

1. On March 08, 2022, a Superseding Indictment ("Indictment") was filed charging Grayson with:

| | |
|---|---|
| Counts 1: | Possession and transfer of a machinegun, in violation of Title 18 U.S.C. §§ 922(o) and 924(a)(2); |
| Counts 2: | Possession of a machinegun, not registered to him, in violation of Title 26 U.S.C. § § 5841, 5861(d), and 5871; |
| Count 3: | Unlawful transfer of a machinegun to another person that was not registered to him, in violation of Title 26, U.S.C. §§ 5861(d), 5812, 5861(e), and 5871; |
| Count 4: | Possession with intent to distribute and did distribute a quantity of cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); |
| Count 5: | Possession of firearms and ammunition, after having been convicted of a felony punishable by more than a year in prison, in violation of Title 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e); |
| Count 6: | Possession with intent to distribute a quantity of |

        Oxycodone, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

Counts 7:    Possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18 U.S.C. § 924(c)(1)(A)(i).

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Grayson's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

A.    <u>Firearms:</u>

    (1)    Glock Inc. 26GEN5 pistol
           CAL: 9mm    S/N: AFVD333
           Asset ID: 22-ATF-021884

    (2)    Romarm/Cugir Micro Draco pistol
           CAL: .762    S/N: PMD-09545-18RO
           Asset ID: 22-ATF-021885

B.    <u>Ammunition:</u>

    (1)    40 Rounds Assorted ammunition
           CAL: .762
           Asset ID: 22-ATF-021881

    (2)    32 Rounds Assorted ammunition
           CAL: 9mm
           Asset ID: 22-ATF-021882

    (3)    61 Rounds Assorted ammunition
           CAL: 9mm
           Asset ID: 22-ATF-021883

    (4)    Extended 9mm Glock Magazine[1]

---

[1] The extended 9mm Glock magazine will be destroyed at the conclusion of the case.

    (5)    Draco magazine[2]

C.    <u>Proceeds/Forfeiture Judgment</u>:[3]

A sum of money equal to all property the Defendant obtained as a result of the drug offenses charged in the Superseding Indictment, and all interest and proceeds traceable thereto as a result for his violation of 21 U.S.C. § 841.

3.    On October 18, 2022, Grayson signed a plea agreement, agreeing to forfeiture, and entered a plea of guilty as to Count 7 of the Indictment.

4.    Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to Title 18 U.S.C. §924(d)(1), and Title 28 U.S.C. § 2461(c).

5.    The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Grayson has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.    The below-described property, and all right, title, and interest of the Defendant, Tyrone Evan Lewis Grayson, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

A.    <u>Firearms:</u>

    (1)    Glock Inc. 26GEN5 pistol

---

[2] The Draco magazine will be destroyed at the conclusion of the case.
[3] The government is not pursuing a judgment against the Defendant.

        CAL: 9mm    S/N: AFVD333
        Asset ID: 22-ATF-021884

  (2)    Romarm/Cugir Micro Draco pistol
        CAL: .762    S/N: PMD-09545-18RO
        Asset ID: 22-ATF-021885

B. <u>Ammunition:</u>

  (1)    40 Rounds Assorted ammunition
        CAL: .762
        Asset ID: 22-ATF-021881

  (2)    32 Rounds Assorted ammunition
        CAL: 9mm
        Asset ID: 22-ATF-021882

  (3)    61 Rounds Assorted ammunition
        CAL: 9mm
        Asset ID: 22-ATF-021883

2.    Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

3.    The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.    Upon entry of this Order, the United States is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.    Any person, other than the named Defendant, asserting a legal interest in

the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

11. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                              s/Bruce Howe Hendricks
                                              United States District Judge

Januar 4, 2023
Charleston, South Carolina